UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
MARIA D. CHARLES,

      Plaintiff,

  v.

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
-----------------------------------------------------X

**MEMORANDUM & ORDER**
13-CV-4782 (PKC)

PAMELA K. CHEN, United States District Judge:

  Counsel for Plaintiff Maria D. Charles ("Plaintiff") moves for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) ("Section 406"). The Acting Commissioner of Social Security ("Commissioner") does not oppose the motion. As set forth further below, because the Court determines the fee request is reasonable, Plaintiff's motion is granted. The Court finds that Counsel for Plaintiff is entitled to attorney's fees in the amount of $13,891.50. Counsel for Plaintiff is directed to remit $4,433.48 (the amount of the previous award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412) to Plaintiff.

## BACKGROUND

  On March 19, 2010, Plaintiff filed applications for Social Security disability insurance benefits and supplemental security income payments. (Dkt. 1 ¶ 6.) Plaintiff's applications were denied and Plaintiff appealed, presenting her case in a hearing before an Administrative Law Judge ("ALJ") on September 19, 2011. (Dkt. 1 ¶¶ 7, 8.) On November 17, 2011, the ALJ issued a decision finding that Plaintiff was not entitled to the benefits and payments for which she had applied. (Dkt. 1 ¶ 9.) While Plaintiff filed a timely request with the Appeals Council to reconsider

1

the ALJ's decision, that request was denied on June 28, 2013. (Dkt. 1 ¶¶ 10, 11.) Plaintiff brought this suit on August 26, 2013, seeking review of the ALJ's decision (and the Appeals Council's affirmance thereof). (*See* Dkt. 1.) Plaintiff was represented before this Court by the Law Offices of Harry J. Binder & Charles E. Binder, P.C. ("the Law Firm"), pursuant to a Retainer Agreement and Assignment ("Agreement") signed by Plaintiff on August 2, 2013. (*See* Dkts. 14-4, 18-3 at 2 ("Agrmt.").) The Agreement provided that Plaintiff would transfer and assign her rights in any fees under the EAJA to the Law Firm (Agrmt. ¶ III), and further provided for a contingent fee arrangement of 25% of any past-due benefits awarded to Plaintiff outright by this Court (Agrmt. ¶ I), or alternatively, permitted the Law Firm to apply for fees not exceeding 25% of those past-due benefits, pursuant to Section 406, should the case be remanded to the Social Security Administration for review and past-due benefits ultimately be awarded (Agrmt. ¶ II).

On June 17, 2014, Plaintiff and the Commissioner entered a stipulation and order of remand, reversing the Commissioner's decision on Plaintiff's applications and remanding for further administrative proceedings. (Dkt. 11.) The Court so ordered this stipulation on June 18, 2014. On July 22, 2014, the Parties submitted another stipulation and order, providing for the award of $4,433.48 in fees and $400 in costs under the EAJA, paid directly to Plaintiff's counsel (consistent with the Agreement). (Dkt. 15.) The Court so ordered this stipulation on July 23, 2014. After the Appeals Council vacated the final decision of the Commissioner on August 25, 2014 and remanded Plaintiff's case for further administrative proceedings pursuant to this Court's order, an ALJ issued a decision in Plaintiff's favor on July 2, 2015 (Dkt. 18-2 at 2), and by letter dated September 2, 2015, the Social Security Administration notified Plaintiff that she was entitled to past-due benefits, of which $13,891.50 (25%) had been withheld to pay the approved representative's fee (Dkt. 18-3 at 9). On the basis of that decision, Counsel for Plaintiff now moves

for an award of attorney's fees pursuant to Section 406 in the amount of $13,891.50. (Dkt. 17.) The Commissioner does not oppose the motion. (Dkt. 19.)

## DISCUSSION

### I. Legal Standard

If a court "renders a judgment favorable to a claimant," the court may award attorney's fees in an amount "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled," provided the fees are reasonable. 42 U.S.C. § 406(b)(1)(A). This statutory prescription is meant to control, rather than to displace, fee arrangements between Social Security benefits claimants and their counsel, meaning that rather than employing the traditional lodestar method of calculating reasonable attorney's fees, courts should act as an "independent check" on contingent fee arrangements to ensure they "yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 793, 806-07 (2002).

To assess attorney's fees under Section 406, courts "must begin with the agreement" and "may reduce the amount called for by the contingency agreement only when [they] find[] the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). This inquiry requires consideration of several factors, namely (1) "whether the contingency percentage is within the 25% cap" set by Section 406; (2) "whether there has been fraud or overreaching in making the agreement"; and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Id*. at 372. While there is no litmus test regarding what constitutes a windfall to counsel, courts in this district have considered whether the attorney's efforts were particularly successful for the plaintiff; whether there is evidence of the effort expended by the attorney (*e.g.*, through non-boilerplate pleadings and arguments requiring legal research and involving issues of material fact); and whether the case was handled efficiently due to the attorney's experience in handling social

3

security cases. *See, e.g., Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456-57 (W.D.N.Y. 2005); *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 323 (S.D.N.Y. 2007). *See also Gisbrecht*, 535 U.S. at 808 (courts should consider "the character of the representation and the results the representative achieved," whether "the attorney is responsible for delay" that inflated any potential award, and whether "the benefits are large in comparison to the amount of time counsel spent on the case").

**II.     Attorney's Fees**

The Court begins its analysis with the Parties' Agreement, which is unambiguous as to the contingent fee arrangement of 25% of past-due benefits. Indeed, that arrangement is set forth clearly in two distinct provisions of the Agreement, to cover multiple potential outcomes: first, should Plaintiff be awarded past-due benefits by this Court (Agrmt. ¶ I), and second, through a motion under Section 406 should Plaintiff be awarded past-due benefits on remand in further administrative proceedings, as happened here (Agrmt. ¶ II). The contingent fee arrangement falls within, albeit at the limit, of the 25% cap set by Section 406, and there is no evidence in the record, nor is there any allegation, of fraud or overreaching in making the Agreement. Therefore, in considering the reasonableness of the requested award, the Court is left to consider whether the requested amount is so large as to constitute a windfall to Plaintiff's counsel.

The Court finds that this award would not result in a windfall to Plaintiff's counsel. Plaintiff's counsel seeks an award of attorney's fees in the amount of $13,891.50 for 23 hours of work, equivalent to an hourly rate of $603.98. This amount falls within the range of awards found by other courts in this circuit to be reasonable within the meaning of Section 406. *See, e.g., Genovese v. Colvin*, No. 13-CV-3338, 2015 U.S. Dist. LEXIS 103349, at *4 (E.D.N.Y. Aug. 6, 2015) (awarding attorney's fees representing 25% of past-due benefits in an amount equivalent to a $696.36 hourly fee); *Prochaska v. Colvin*, No. 13-CV-2270, 2015 U.S. Dist. LEXIS 93361, at

*4 (E.D.N.Y. July 17, 2015) (granting attorney's fees under Section 406 where 25% of past-due benefits equated to $491.77 per hour); *Barbour v. Colvin*, No. 12-CV-548, 2014 U.S. Dist. LEXIS 177165, at *3-4 (E.D.N.Y. Dec. 10, 2014) (awarding attorney's fees under a contingent fee arrangement equivalent to hourly rate of $599.19); *Blizzard*, 496 F. Supp. 2d at 321, 323-24 (granting, over Commissioner's objection, award of 25% of past-due benefits in an amount equivalent to $705.22 per hour); *Joslyn*, 389 F. Supp. 2d at 455-57 (awarding as reasonable attorney's fees 25% past-due benefits equivalent to $891.61 per hour).

There is no indication in the record of any delay that inflated the requested award. Moreover, Plaintiff's counsel appears to have extensive experience in the social security field; the attorney whose hours comprise the bulk of the basis for the requested award works exclusively on Social Security disability claims and contributes to a Social Security-focused portion of the New York Lawyers' Practical Skills Series for the New York State Bar Association. The other attorney working on this matter is a past president of the New York Social Security Bar Association, and has handled thousands of administrative hearings and hundreds of federal appeals dealing with Social Security benefits claims. (Dkt. 18-2 at 3-4.) And as a result of Plaintiff's counsel's efforts, Plaintiff was ultimately found to be entitled to past-due benefits accruing since July 2010. (Dkt. 18-3 at 7.)

In light of these factors, and recognizing that "a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment," *Wells*, 907 F.2d at 371, the Court finds that the requested attorney's fee award is reasonable.

While fee awards under both the EAJA and Section 406 are permitted, "the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (internal quotation marks omitted). Because Plaintiff's counsel has already recovered $4,433.48 in attorney's fees under the EAJA, Plaintiff's counsel must refund that sum to Plaintiff in light of the award of $13,891.50 under Section 406.

## CONCLUSION

For the foregoing reasons, the Court grants counsel for Plaintiff's motion for attorney's fees in the amount of $13,891.50. Plaintiff's counsel is directed to remit to Plaintiff the $4,433.48 previously awarded as attorney's fees under the EAJA. The Clerk of Court is respectfully requested to enter judgment.

SO ORDERED.

 /s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: November 24, 2015
       Brooklyn, New York